IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

L-A-R-A-,

               Petitioner,

      v.

LAURA HERMOSILLO, Acting Seattle
Field Office Director, Immigration and
Customs Enforcement and Removal Operations
("ICE/ERO"); DAVID J. VENTURELLA,
Acting Director of Immigration and Customs
Enforcement ("ICE"); U.S. IMMIGRATION
AND CUSTOMS ENFORCEMENT;
MARKWAYNE MULLIN, Secretary of the
Department of Homeland Security ("DHS");
U.S. DEPARTMENT OF HOMELAND SECURITY;
and TODD BLANCHE, Acting Attorney General
of the United States,[1]

               Respondents.

Case No. 3:25-cv-01994-AB

ORDER

---

[1] The Court has updated public officeholder Defendants pursuant to Federal Rule of Civil Procedure 25(d).

1 – ORDER

**BAGGIO, District Judge:**

Petitioner L-A-R-A-, since released from custody, petitions this Court for a Writ of Habeas Corpus. Pet. Writ Habeas Corpus ("Pet."), ECF No. 1. The Court finds that the voluntary cessation exception to mootness applies and grants the Petition in part.

## BACKGROUND

Petitioner is a Mexican citizen and resident of Beaverton, Oregon. Pet. ¶ 38; Officer Decl. ¶ 4, ECF No. 19. Respondents apprehended Petitioner in a traffic stop on October 28, 2025, Pet. ¶ 39, and detained him pursuant to 8 U.S.C. § 1225(b)(2), Officer Decl. ¶ 5. Petitioner immediately filed the instant Petition and the Court issued an Order that forbade Respondents from moving Petitioner out of Oregon without advance notice. Order ¶ 4, ECF No. 6. Respondents released Petitioner the same day, October 28. Officer Decl. ¶ 6. Respondents initially released Petitioner on his Own Recognizance ("OREC"), which included conditions of release. *Id.* Respondents also initially served Petitioner with a Notice to Appear, charging him as removable. *Id.* However, on November 18, 2025, the immigration court granted Respondents' motion to dismiss the Notice to Appear and on November 20, 2025, Respondents cancelled OREC. *Id.* ¶ 7. All parties agree that Petitioner is now released without conditions or pending immigration proceedings. *Id.*; Pet'r's Traverse 2, ECF No. 21.

## DISCUSSION

Petitioner argues that his release from custody does not moot the Petition under the voluntary cessation or collateral consequences exceptions to mootness. The Court finds the voluntary cessation exception applies here and thus considers the Petition. The Court grants some but not all of Petitioner's requested relief.

//

//

2 – ORDER

**I.    Voluntary Cessation Exception to Mootness Doctrine**

A party "cannot automatically moot a case simply by ending its unlawful conduct once sued . . . . Otherwise, [the party] could engage in unlawful conduct, stop when sued to have the case declared moot, then pick up where [it] left off, repeating this cycle until [it] achieves all [its] unlawful ends." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). The voluntary cessation exception to mootness addresses this prospect: a case is moot only if (1) there is "no reasonable . . . expectation that the alleged violation will recur," and (2) "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation[.]" *Am. Cargo Transp., Inc. v. United States*, 625 F.3d 1176, 1179 (9th Cir. 2010) (quoting *Cnty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)). A party "claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000).

The voluntary cessation exception to mootness applies here. Petitioner was detained pursuant to 8 U.S.C. § 1225(b)(2). Officer Decl. ¶ 5. Respondents "acknowledge that this Court has previously concluded that the immigration authorities may not under 8 U.S.C. [§] 1225(b)(2)(A) detain persons without legal status who are present for many years in the United States." Resp'ts' Resp. 3 n.3 (citation modified) (citing decisions by the undersigned), ECF No. 18. Respondents further state:

> the government's position is that Petitioner is subject to mandatory detention under § 1225(b)(2)(A), because he was present in the United States without being admitted or paroled. On the legal issue of which statute governs Petitioner's detention here—whether it is 8 U.S.C. § 1226(a), or 8 U.S.C. § 1225(b)(2)—the government acknowledges that this Court's decisions, which are cited in footnote [3] of the Response, and other similar district court decisions within this district and elsewhere, would control the result here if the Court adheres to those decisions, as the facts are not materially distinguishable for purposes of the Court's decision

3 – ORDER

on the legal issue of which statutory provision authorizes Petitioner's detention. Thus, while the government does not consent to issuance of the writ and reserves all rights, including the right to appeal, to conserve judicial and party resources while expediting the Court's consideration of this case, the government acknowledges that the Court can decide this issue without further briefing.

Resp'ts' Sur-Reply 7 n.2, ECF No. 24. Respondents have all but made the voluntary cessation exception argument for Petitioner—Respondents' insistence of the continued application of § 1225(b)(2) renders it impossible to conclude that there is "no reasonable . . . expectation that the alleged violation will recur" *i.e.*, that Respondents will not re-detain Petitioner pursuant to § 1225(b)(2). *See Bautista v. Santacruz*, 813 F. Supp. 3d 1084, 1098–99 (C.D. Cal. 2025) (finding the government's position that the petitioners are subject to detention under § 1225(b)(2) "present[s] a prototypical example of voluntary cessation").[2] The Court concludes the Petition is not moot.

## II.    Merits

Having found the voluntary cessation exception to mootness applies, the Court next turns to Petitioner's requested relief. Between his Petition and Traverse, Petitioner seeks this Court to declare that Petitioner's stop and arrest violated the Administrative Procedure Act ("APA"), Immigration and Nationality Act ("INA"), Fourth Amendment, and Fifth Amendment; find the application of § 1225(b)(2) to Petitioner was unlawful; order Respondents to expunge from their records any data obtained from their arrest of Petitioner; prohibit Respondents from re-detaining Petitioner without notice and an opportunity to respond to an individualized custody

---

[2] Since the parties' briefing, courts of appeals have split on the applicability of 8 U.S.C. § 1225(b)(2) to non-border apprehensions. *Compare, e.g.*, *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026), *with*, *e.g.*, *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). The Ninth Circuit heard oral argument on this topic but has not yet issued an opinion. *See Vazquez v. Hermosillo*, No. 25-6842 (9th Cir. argued Mar. 4, 2026).

4 – ORDER

determination; and prohibit Respondents from removing Petitioner from the District of Oregon without thirty days' notice. Pet. 18; Pet'r's Traverse 11–12. The Court grants in part as follows.

As held in this Court's previous cases on the topic, the Court finds that the application of § 1225(b)(2) to Petitioner was unlawful. *See, e.g.*, *J.Y.L.C. v. Bostock*, No. 3:25-cv-02083-AB, 2025 WL 3169865, at *2 (D. Or. Nov. 12, 2025). The Court explicitly prohibits Respondents from re-detaining Petitioner pursuant to § 1225(b)(2).

The Court does not consider Petitioner's request for relief stemming from the arrest because challenges to an arrest are generally not cognizable in habeas. *See, e.g.*, *Marroquin Salazar v. Noem*, No. 5:25-cv-02367, ECF No. 10, at 19–24 (C.D. Cal. Oct. 24, 2025), *report and recommendation adopted*, 2025 WL 3535050 (C.D. Cal. Dec. 8, 2025). Accordingly, the Court also does not consider Petitioner's challenges to the information obtained by Respondents during the arrest.

The Court denies Petitioner's request for an order that Respondent may not re-detain Petitioner without an opportunity to respond to an individualized custody determination and that Respondents may not remove Petitioner from Oregon without thirty days' notice. The Court denies this request because Petitioner is neither subject to release conditions nor ongoing immigration court proceedings. In Petitioner's cited cases, the court ordered this type of relief because the petitioners had, prior to the instant detention, been on parole and the government "unlawfully revoked that parole and detained [the petitioner] without due process . . . ." *J-C-R-M v. Bostock*, No. 3:25-cv-990-SI, 2025 WL 3527108, at *9 (D. Or. Dec. 9, 2025); *see also N-E-M-B v. Bostock*, No. 3:25-cv-00989-SI, 2025 WL 3527111, at *7 (D. Or. Dec. 9, 2025) (revocation of release); *Jimenez v. Bostock*, No. 3:25-cv-00570-MTK, 2025 WL 2430381, at *7 (D. Or. Aug. 22, 2025) (revocation of release). In other words, these cases reacted to the government's

5 – ORDER

unlawful revocation of parole. Here, in contrast, Petitioner was not subject to conditions prior to his arrest such that the arrest revoked parole nor is he now subject to conditions. *See Garcia Gabriel v. Hermosillo*, No. 2:25-cv-02594-DGE-GJL, 2026 WL 194233, at *5 (W.D. Wash. Jan. 26, 2026) (granting habeas petition on § 1225(b) grounds but denying entitlement to pre-detention hearing and rejecting petitioner's caselaw granting such relief because "[e]ach case involved a detainee who had been released subject to an order of supervision and continued to be engaged in *active* removal proceedings"). Because Petitioner here is not paroled, there is no current role for this Court in the propriety of future detention beyond prohibiting detention under § 1225(b)(2) as it does above.

## CONCLUSION

The Court GRANTS IN PART the Petition [1]. The Court finds that the Petition is not moot under the voluntary cessation doctrine and that Respondents unlawfully detained Petitioner pursuant to 8 U.S.C. § 1225(b)(2). Respondents may not re-detain Petitioner under § 1225(b)(2). Other requested relief is denied.

IT IS SO ORDERED.

DATED this 15th day of July, 2026.

AMY M. BAGGIO
United States District Judge

6 – ORDER